UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00070-TBR

THAMES HEALTHCARE GROUP, LLC,                                    PLAINTIFF

v.

LARRY MCGREGOR, et al.,                                          DEFENDANTS

## Memorandum Opinion & Order

This matter comes before the Court upon two motions made by Plaintiff Thames Healthcare Group, LLC, ("Thames"). The first is a motion to enforce judgment and hold defendants in contempt. [DN 15.] The second is a motion to modify the agreed judgment. [DN 18.] These matters are ripe for adjudication, and the Court's disposition is discussed below.

### A. Factual & Procedural Background

This case arises out of Donald Brooks McGregor's stay at Lake Way Nursing and Rehabilitation Center, ("Lake Way"), from October 2013 until his death. During his time there, he incurred charges totaling $87,752.51, representing sums for room and board, as well as general nursing care. After Donald Brooks McGregor's death, Thames filed the instant action against Larry McGregor and Terry McGregor as co-executors and co-trustees of Donald Brooks McGregor's Estate and Trust, (collectively, "Defendants"), seeking the $87,752.51 owed to it.

On June 19, 2017, this Court entered an Agreed Judgment, wherein the parties agreed that Donald Brooks McGregor incurred the above amount during his time at Lake Way, and that the Estate of Donald Brooks McGregor and the Trust of Donald Brooks McGregor were indebted to Thames in a liquidated amount of $87,752.51. [DN 14.] It was further noted that Defendants currently had a case pending against the Cabinet for Health and Family Services, ("CHFS"), in

1

Marshall County, Kentucky Circuit Court, filed under KRS Chapter 13B as an administrative appeal of CHFS's denial of Donald Brooks McGregor's eligibility for Medicaid benefits. [*Id.*] Finally, it was agreed that, should Defendants succeed in their Medicaid case, then the benefits paid by CHFS would satisfy the outstanding debt owed to Thames, but that if the lawsuit failed, then the Agreed Judgment would become immediately enforceable against Defendants. [*Id.*]

In July 2017, Defendants' case was dismissed from Marshall Circuit Court after the court determined that it did not possess jurisdiction over the action. [DN 16, at 6.] After a voluntary dismissal of their appeal, Defendants filed a Chapter 13B Medicaid action in Franklin County, Kentucky Circuit Court, seeking the same relief, in October 2017. [DN 15-11.] After the Franklin Circuit action was already pending, Thames learned of Defendants' voluntary dismissal in Marshall Circuit Court and sought to enforce the Agreed Judgment. [DN 15-10.] Thames contends that Defendants' voluntary dismissal of the action from Marshall Circuit Court meant that all appeals were exhausted, and Defendants are now required to pay the $87,752.51 agreed to in the Agreed Judgment, while Defendants contend that all appeals have not yet been exhausted, because their case is still currently pending in Franklin Circuit Court. Thames has filed two motions with the Court, the first of which seeks to enforce this Agreed Judgment, and also to hold Defendants in contempt. However, before the Court had occasion to rule on the first motion, Thames filed an additional motion, therein seeking to *modify* the original Agreed Judgment.

### B. Motion to Enforce Judgment & Hold Defendants in Contempt

After reviewing this motion in conjunction with the second motion filed by Thames, in which it seeks not to enforce the original Agreed Judgment, but rather, seeks to modify its terms, the Court finds that this first motion has been rendered largely moot. Indeed, in its *reply* to Defendants' response to this first motion, Thames first floated the idea of modifying the Agreed

Order rather than asking that the Agreed Judgment be enforced on its original terms. [*See* DN 17, at 4-6.] And as an additional matter, the Court is not inclined to hold Defendants in contempt for alleged violations of an Agreed Judgment where the party seeking to enforce that Agreed Judgment now wishes to see it modified. Accordingly, the Court will deny this motion in its entirety.

### C. Motion to Modify the Agreed Judgment

The second motion at issue is Thames's motion to modify the Agreed Judgment. [DN 18.] Specifically, Thames seeks a modification permitting Defendants to continue to pursue their Medicaid action in Franklin Circuit Court, as well as an appeal to the Kentucky Court of Appeals, should that be necessary; however, the second modification Thames seeks is a requirement that Defendants "immediately tender $87,752.51 to the United States District Court Clerk, while the Estate's [Medicaid action] is pending. The $87,752.51 will be deposited into an interest bearing account. The dispersal of these funds will be contingent on the outcome of the Estate's [Medicaid action.]" [*Id.* at 1.] In Thames's view, these modifications will alleviate any danger of it obtaining a double recovery, *i.e.*, if Defendants were required to immediately pay $87,752.51 to Thames and Defendants were also successful in their Medicaid action, and will also serve to ensure that Thames is paid the money it is owed.

The Court is hesitant to impose such a burden on Defendants at this stage in the case, especially when considering the fact that the whole purpose of Defendants' Medicaid case is to obtain funds to repay Thames the $87,752.51 Defendants have already conceded is owed to Thames. While Thames is technically correct in pointing out that the Agreed Judgment entered by the Court does not contemplate the consequences of a voluntary dismissal of the appeal in Marshall Circuit Court and a subsequent refiling of the case in Franklin Circuit Court, the parties' filings have made clear that the issue is a jurisdictional one, and does not appear to the Court to be some

sort of dilatory tactic. Accordingly, the Court will deny Thames's invitation to order Defendants to immediately deposit the $87,752.51 into an interest-bearing account pending resolution of the matter in Franklin Circuit Court. The existing Agreed Order shall remain in effect in all its terms.

However, in the interests of justice, the Court finds it necessary to clarify the meaning of Paragraph (7) of the existing Agreed Judgment. That paragraph provides as follows: "[t]he parties agree that in the event all appeals are exhausted in regard to the Medicaid case for Donald Brooks McGregor, this Judgment shall become immediately enforceable." [DN 14, at 2.] In light of Defendants' refiling of the case in Franklin Circuit Court, the Court finds that, once all appeals are exhausted in regard to the Medicaid case for Donald Brooks McGregor *as it pertains to the case currently pending in Franklin Circuit Court*, this Judgment shall become immediately enforceable.

### D. Conclusion

For the reasons stated in this Memorandum Opinion, **IT IS ORDERED** as follows:

1. Thames's motion to enforce judgment and hold defendants in contempt, [DN 15], is **DENIED**.

2. Thames's motion to modify the agreed judgment, [DN 18], is **GRANTED in part and DENIED in part.**

3. **IT IS FURTHER ORDERED** that, once all appeals are exhausted in regard to the Medicaid case for Donald Brooks McGregor **as it pertains to the case currently pending in Franklin Circuit Court**, this Judgment shall become immediately enforceable.

**IT IS SO ORDERED.**

cc:    Counsel of Record